Judge:    Hon. Timothy W. Dore
Chapter:  7
Location:  Seattle, Room 8106
Hearing Date:  January 8, 2016
Hearing Time:  9:30 a.m.
Response Date:  December 31, 2015

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | No. 15-15473-TWD |
| LEIGH ANN STONE, | NOTICE OF OBJECTION AND OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS |
| Debtor. | |

## NOTICE OF OBJECTION TO CLAIM OF EXEMPTIONS

PLEASE TAKE NOTICE that Michael McConnell's OBJECTION TO DEBTOR LEIGH

ANN STONE'S CLAIM OF EXEMPTIONS IS SET FOR HEARING AS FOLLOWS:

Judge:          Hon. Timothy W. Dore
Location:        Seattle, Room 8106
Hearing Date:     January 8, 2016
Hearing Time:     9:30 a.m.
Response Date:    December 31, 2015

IF YOU OPPOSE the Objection, you must file your written response with the Clerk's office of

the bankruptcy court and deliver copies to the undersigned NOT LATER THAN THE RESPONSE

DATE, which is December 31, 2015.  If you file a response you are also required to appear at the

hearing.

IF NO RESPONSE IS TIMELY FILED AND SERVED, THE COURT MAY, IN ITS

DISCRETION, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT FURTHER

NOTICE, AND STRIKE THE HEARING.

NOTICE OF OBJECTION AND
OBJECTION TO CLAIM OF EXEMPTIONS – Page 1
No. 15-15473-TWD

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Case 15-15473-TWD    Doc 23    Filed 12/04/15    Ent. 12/04/15 17:30:41    Pg. 1 of 8

# OBJECTION TO CLAIM OF EXEMPTIONS

Creditor Michael McConnell objects to the claim of exemptions submitted by Debtor Leigh Ann Stone, which improperly attempt to shield her assets from the bankruptcy estate. Ms. Stone wildly underestimates the value of her company, claiming it is worth *absolutely nothing*, despite annual profit in excess of $45,000 over the last three years.

# STATEMENT OF FACTS

Ms. Stone filed this Chapter 7 bankruptcy case on September 11, 2015. The Trustee held a meeting of the creditors on October 15, 2015. Ms. Stone subsequently filed amended schedules to her bankruptcy petition on October 27, 2015 and December 2, 2015.

Ms. Stone has claimed exemptions in the following property, among others:

| Property Claimed | Value Claimed | Exemption Claimed | Basis of Exemption |
|---|---|---|---|
| 1991 Ford E-350 | $1,000.00 | 100% of fair market value, up to any applicable statutory limit | RCW 6.15.010(1)(c)(ii) |
| Canoe<br>16' Fiberglass Canoe | $100.00 | 100% of fair market value, up to any applicable statutory limit | RCW 6.15.010(1)(c)(ii) |
| Cash on hand | $1,500.00 | 100% of fair market value, up to any applicable statutory limit | RCW 6.15.010(1)(c)(ii) |
| Business Checking Account With BECU | $472.36 | 100% of fair market value, up to any applicable statutory limit | RCW 6.15.010(1)(c)(ii) |
| Crybaby Productions, LLC<br>100% Owner<br>Formerly Crybaby Studios, LLC | $0.00 | 100% of fair market value, up to any applicable statutory limit | RCW 6.15.010(1)(c)(ii) |

NOTICE OF OBJECTION AND
OBJECTION TO CLAIM OF EXEMPTIONS – Page 2
No. 15-15473-TWD

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

| | | | |
|---|---|---|---|
| Cross Claim asserted against Michael McConnell in King County Case No. 15-2-10722-4 | Unknown | 100% of fair market value, up to any applicable statutory limit | RCW 6.15.010(1)(c)(ii) |

## ARGUMENT

The Court should reject Ms. Stone's attempt to hide her assets from her creditors and bankruptcy estate. She grossly understates the value of her company, Crybaby Productions, as its value is far from zero.

**I.     Mr. McConnell's Objections Are Timely.**

Because Ms. Stone filed amendments to her bankruptcy schedules on October 27, 2015 and December 2, 2015, this objection is timely filed. According to Fed. R. Bankr. P. 4003(b)(1): "[A] party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." As the U.S. Bankruptcy Appellate Panel of the Ninth Circuit has confirmed, this allows objections to be filed within "30 days after *any* amendment to the list of exemptions"). *In re Slates*, No. BAP EC-12-1168-KIDJU, 2012 WL 5359489, at *6 (B.A.P. 9th Cir. Oct. 31, 2012) (emphasis added); *see also Wissman v. Pittsburgh Nat. Bank*, 942 F.2d 867, 870 (4th Cir. 1991) ("[A]ny party in interest may then object to the claimed exemption within thirty days after the conclusion of the meeting of creditors (held pursuant to Bankruptcy Rule 2003(a)) or the *last* amendment to the exemption schedule, whichever occurs later.") (emphasis added). On December 2, 2015, Ms. Stone filed amendments to Schedule C, claiming a new exemption for a "Potential claim against Bayer." Am. Schedule C, Dkt. No. 18 at 10 (Dec. 2, 2015). As a result, these objections are timely filed.

NOTICE OF OBJECTION AND
OBJECTION TO CLAIM OF EXEMPTIONS – Page 3
No. 15-15473-TWD

CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Case 15-15473-TWD    Doc 23    Filed 12/04/15    Ent. 12/04/15 17:30:41    Pg. 3 of 8

**II. Ms. Stone's Business Is Not Exempt Because It Is Worth Well Over $3,000.**

Ms. Stone claims that her company, Crybaby Productions LLC ("Crybaby Productions"), is worthless and has no value in order to shoehorn it within an exemption for "[o]ther personal property . . . not to exceed three thousand dollars in value." RCW 6.15.010(ii). But Crybaby Productions is far from worthless, as it has averaged more than $45,000 in annual profits over the last three years. It would be unjust to shield this asset from her estate.

Ms. Stone's assertion that her business has no value relies on a valuation performed by Nathan Benedict of Ewing & Clark, Inc. (the "Valuation"). Crybaby Studios [*sic*], LLC Business Valuation (Aug. 31, 2015), attached as Exhibit 1 to Declaration of David Freeburg. Yet Ms. Stone's estimate of her company's worth misstates her valuation, which itself contains numerous errors.

**A. The Valuation Does Not Conclude Crybaby Productions Has No Value.**

As a threshold matter, Ms. Stone grossly misstates the Valuation, which does not consider her company to have no worth. Rather, it estimates that the value of Crybaby Productions ranges from between "$0 (if no lease assignment) to $40,000." *Id*. at 4. According to the Valuation:

> The exact terms of the Lease play a major role in determining the value of a business. . . . Crybaby Studios is located in one of the hottest neighborhoods in Seattle both in terms of redevelopment as well as lease rate inflation. The current lease was recently renegotiated and expires on July 2019 with no option to extend.

*Id*. at 2. Therefore, the Valuation claims that Crybaby Productions *might* be worthless to a potential buyer, because "the ability to assign the current lease is dependent on Landlord approval and in no way can this be guaranteed. It is highly likely that the Landlord will not approve a new Tenant. If this happens, the value of the business is $0." *Id*. at 3. However, there is absolutely no support for the Valuation's assumption that the lease must be assigned after any sale of the company.

NOTICE OF OBJECTION AND
OBJECTION TO CLAIM OF EXEMPTIONS – Page 4
No. 15-15473-TWD

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Rather, according to documents Mr. McConnell obtained in discovery, Crybaby Productions is the tenant in a lease between the company itself and landlord Matthew Basta. Lease Agreement (July 24, 2014), attached as Freeburg Decl. Ex. 2. Ms. Stone, as owner of the company, is not a party to the lease. *Id.* Therefore, there would be no need for the lease to be assigned to *anyone* following the sale of Crybaby Production. *Id.* The lease will continue to be valid regardless of who owns the company. Thus, the Valuation is clearly wrong when it assumes that Crybaby Production has "a current value of $0 (if no lease assignment)." Freeburg Decl. Ex. 1 at 4.[1]

**B. Despite Numerous Errors, the Valuation Concedes Crybaby Productions is Worth Far More Than the $3,000 Limit in RCW 6.15.010(ii).**

The Valuation contains numerous other errors and misstatements, although it is not necessary to correct them all, or to calculate the true value of Crybaby Productions, to show that Ms. Stone is not entitled to an exemption. The Valuation concedes Crybaby Productions has earned an average annual profit of $46,887.67 over the last three years, which is wholly inconsistent with Ms. Stone's claim that the company has no value. In contrast to her claim that the company is worthless, her Valuation estimates it might be worth between "$35,000 to $40,000" based on an "Income Approach" to valuation, or between "$20,000 to $30,000" based on a "Market Approach." Although both estimates rely on numerous errors and miscalculations, they concede the company's value is far higher than the $3,000 limit for "other personal property" allowed in RCW 6.15.010(ii).

---

[1] Among other errors, the Valuation also assumes that because the company's lease expires in 2019, "a new owner of this business must either 1) recoup any investment in the business before lease expiration, or 2) be able to move the business to a new location." This assumption ignores any landlord's incentive to renew a lease to an existing tenant, rather than risk losses during a subsequent vacancy. And because Crybaby Productions is a "music rehearsal and recording studio with approximately 13,000 sf of space [and] 47 music studios," the landlord has an incentive to renew its lease to Crybaby Production, due to the difficulty in finding another tenant with interest in its unique floorplan.

NOTICE OF OBJECTION AND
OBJECTION TO CLAIM OF EXEMPTIONS – Page 5
No. 15-15473-TWD

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**C.    Because Ms. Stone has Already Claimed More than Washington's Wildcard Exemption, She Cannot Apply the Exemption to Crybaby Production or Her Cross Claim Against Mr. McConnell.**

Because Ms. Stone has already applied assets worth over $3,000 to the "wildcard" exemption in RCW 6.15.010(1)(a)(ii), she is unable to apply any of this exemption to the value of her company. Even without Crybaby Productions, Ms. Stone has applied this exemption to personal property worth $3,072.36:  a 1991 Ford E-350 worth $1,000,[2] a canoe worth $100, cash on hand worth $1,500 and a business checking account worth $472.36.  Schedule C, Dkt. 18 at 8 (Dec. 2, 2015).  Because Ms. Stone has exhausted the entire value of her wildcard exemption on other assets, Crybaby Productions cannot be sheltered from the Court.

For the same reason, Ms. Stone is unable to apply this exemption to the value of a cross claim she asserted Mr. McConnell in pending litigation captioned *DWW Associates, LLC v. McConnell et al.*, No. 15-2-10722-4 (King Cty. Sup. Ct. May 1, 2015).  Although the value of this claim "is unliquidated and contingent," Ms. Stone is not entitled to exempt any recovery above and beyond the value of the wildcard statute.  *Wissman v. Pittsburgh Nat. Bank*, 942 F.2d 867, 871 (4th Cir. 1991).  Because she has already exhausted the re wildcard exemption on other assets, her cross-claims against Mr. McConnell are not exempt to any extent.  *Id*.  Therefore, they belong entirely to the bankruptcy estate.

---

[2] Ms. Stone is unable to apply the exemption in RCW 6.15.010(1)(c)(iii) to her 1991 Ford E-350, because she has already applied that exemption to a 1996 Jaguar Vanden Plas.  That provision allows an individual to claim exemptions for only a single "motor vehicle used for personal transportation, not to exceed three thousand two hundred fifty dollars."  RCW 6.15.010(1)(c)(iii).

NOTICE OF OBJECTION AND
OBJECTION TO CLAIM OF EXEMPTIONS – Page 6
No. 15-15473-TWD

**CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

# CONCLUSION

For these reasons, Mr. McConnell asks the Court to reject Ms. Stone's attempt to shield her assets from the bankruptcy estate.

DATED this 4th day of December, 2015.

s/ David I. Freeburg
William F. Cronin, WSBA No. 08667
David I. Freeburg, WSBA No. 48935
CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Phone: (206) 625-8600
Fax: (206) 625-0900
wcronin@corrcronin.com
dfreeburg@corrcronin.com

*Attorneys for Creditor Michael McConnell*

NOTICE OF OBJECTION AND
OBJECTION TO CLAIM OF EXEMPTIONS – Page 7
No. 15-15473-TWD

**CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Case 15-15473-TWD    Doc 23    Filed 12/04/15    Ent. 12/04/15 17:30:41    Pg. 7 of 8

| | |
|---|---|
| 1 | <div align="center">**CERTIFICATE OF SERVICE**</div> |
| 2 | I hereby certify on December 4, 2015, I caused the foregoing document to be electronically filed |
| 3 | with the Clerk of the U.S. Bankruptcy Court for the Western District of Washington using the CM/ECF |
| 4 | system, which will send notification of such filing to all counsel of record. |
| 5 | DATED this 4th day of December, 2015, at Seattle, Washington. |

*s/ David I. Freeburg*
David I. Freeburg, WSBA No. 48935
CORR CRONIN MICHELSON
BAUMGARDNER FOGG & MOORE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Phone: (206) 625-8600
Fax: (206) 625-0900
dfreeburg@corrcronin.com

NOTICE OF OBJECTION AND
OBJECTION TO CLAIM OF EXEMPTIONS – Page 8
No. 15-15473-TWD

**CORR CRONIN MICHELSON**
**BAUMGARDNER FOGG & MOORE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900