HONORABLE TIMOTHY W. DORE
Chapter 7
US Federal Courthouse
700 Stewart St., Room 8106, Seattle, WA
Hearing Date: January 8, 2016
Hearing Time: 9:30 am
Response Deadline: December 31, 2015

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

LEIGH ANN STONE,

    Debtor.

No. 15-15473-TWD

DEBTOR'S RESPONSE TO OBJECTION TO DEBTOR'S EXEMPTIONS

## SUMMARY OF RELIEF REQUESTED

Leigh Ann Stone (hereinafter "Debtor") requests that this Court deny Michael McConnell's (hereinafter "McConnell") objection to her claimed exemptions from because McConnell has failed to meet his evidentiary burden, and the exemptions claimed are permitted by law.

## OBJECTION

COMES NOW Debtor, by and through her counsel of record, Michael M. Sperry, and NAGLER LAW GROUP, P.S., and responds to the Objection to Debtor's Claim of Exemptions filed December 4, 2015 as ECF Docket No. 23 (hereinafter "Objection") as follows.

## FACTUAL BACKGROUND

McConnell objects to the assertion of exemption by Debtor of her ownership interest if Crybaby Productions, LLC (hereinafter "Crybaby") and of a potential cross claim against McConnell (hereinafter "Claim") (collectively hereinafter "Claimed Property"). Debtor disputes allegations repeated throughout argument section of the Objection that she has "grossly understated" the value of any of her assets or that she is improperly trying to shield assets from the Bankruptcy

RESPONSE TO OBJECTION TO EXEMPTIONS- 1

Court. Debtor also disputes any allegation that she is attempting to conceal her assets from the Court. The existence of all Debtor's assets have been disclosed to the Court. Indeed, McConnell's objection cites to the records on file that disclose the existence of the Claimed Property.

Debtor is the sole owner and employee of Crybaby. *Exhibit A - Declaration of Debtor in Support of Debtor's Response to Objection to Debtor's Exemptions*. Other than small tasks taken on by one tenant, Debtor provides all necessary labor to Crybaby. *Id.* The list of tasks Debtor is responsible for in the operation of Crybaby is lengthy and includes, *inter alia*, being on-call 24 hours a day, maintenance of the premises where Crybaby conducts its business, and marketing through various platforms to ensure spaces remain occupied to generate income for Crybaby. *Id.* The primary asset of Crybaby is a lease for real property located at 1514 11th Ave., Seattle, WA (hereinafter Lease"). A true and correct copy of the Lease was attached as Exhibit 2 to the *Declaration of David Freeburg,* ECF Docket No. 24.

**ARGUMENT**

1. Debtor concedes that the Objection is timely because McConnell filed the Objection within the time provided for in an agreed order. *ECF Docket No. 22*. Debtor explicitly reserves the right to contest any further objections to her claimed exemptions as untimely.

2. McConnell has not presented any evidence that Debtor lacks a statutory basis to exempt the Claimed Property. Once an exemption has been claimed, a party objecting to such exemptions bears the burden of proof to present unequivocal evidence that the exemption is improper. *In re Carter*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999). Residents of Washington State can claim $3,000.00 worth of "other personal property" as exempt

RESPONSE TO OBJECTION TO EXEMPTIONS- 2

**NAGLER LAW GROUP, P.S.**
720 Olive Way, Suite 1000
Seattle, WA 98101
(206) 224-3460   FAX (844) 556-6717

Case 15-15473-TWD    Doc 30    Filed 12/31/15    Ent. 12/31/15 12:28:22    Pg. 2 of 6

under RCW 6.15.010(a)(c)(ii), subject to limitations inapplicable to the present objection. The Claimed Property fits within the description of property that can be claimed as exempt, i.e. other personal property. Debtor is entitled to assert exemptions provided under law to the maximum extent possible to assist her in a fresh start. The Claimed Property has been exempted as "100% of fair market value up to any applicable statutory limit". *Objection*, at p.2-3. Because the Objection presents no authority or evidence establishing that Debtor is not entitled to the exemptions asserted in the Claimed Property, that the Claimed Property does not fit within the statutory definition of the section cited as authority for the exemption, or that the Debtor is asserting exemptions in excess of the statutory limit the Objection should be overruled.

3. Debtor asserts the fair market value of her ownership interest in Crybaby is $0.00. This conclusion was based on a valuation of Crybaby from Ewing & Clark (hereinafter "Valuation Letter") along with consideration of the amount of labor required of the Debtor to generate said income, and potential issues that could arise with the Lease. The totality of the evidence supports Debtors estimate of the fair market value.

The fair market value of an asset is:

> (T)he price a willing seller and a willing buyer under no compulsion would agree upon after a reasonable period of exposure to the market, where the buyer is knowledgeable of all uses and purposes for which the property is adopted and for which it was or is capable of such use. *In re Todd*, 194 B.R. 893, 896 (Bankr.D.Mont. 1996)

Fair market value does not include considerations of non-business motivations as those motives would constitute a compulsion to action.

RESPONSE TO OBJECTION TO EXEMPTIONS- 3

**NAGLER LAW GROUP, P.S.**
720 Olive Way, Suite 1000
Seattle, WA 98101
(206) 224-3460   FAX (844) 556-6717

Case 15-15473-TWD    Doc 30    Filed 12/31/15    Ent. 12/31/15 12:28:22    Pg. 3 of 6

Debtor is the sole employee of Crybaby, and the list of her duties is lengthy. *Exhibit A*. In addition to the list of duties she performs on behalf of Crybaby, she also must be available for tenant issues at all times. *Id.* Because of the amount of work (and required work hours), compared to the revenue generated there is no value to a potential purchaser.

Furthermore, the expiration of the Lease with a lack of an option to extend the Lease and potential issues of a *de facto* assignment of the Lease further support Debtor's valuation of Crybaby.

The term of the Lease is July 2019, and there is no option for renewal. *Objection* at 4. The current market conditions for the area in which the property subject to the Lease is located lead to the conclusion that the landlord under the Lease would be more likely to re-develop or re-purpose the property than to agree to a new lease. *Valuation Letter* at 5. This would require a purchaser either to recover the initial investment of the purchase within the remaining term of the Lease or have the ability to relocate the operation while maintaining the profitability of Crybaby. *Id.* Were the landlord to conclude the space should continue in its present use, a substantially higher rent payment would be expected based on the current market conditions for the neighborhood[1]. However the landlord elects to proceed upon the termination of the Lease's current term, the only certainty is that a purchaser would need to be able to recoup their investment before the lease expired due to the need to shut down, engage in costly relocation, or be subject to a substantial increase to operating costs.

---

[1] Though the lease does not have an option to extend, there is a provision that the tenancy can go to a month-to-month basis with rent at 150% of the amount of monthly rent at the termination of the lease term. *Objection, Exhibit 2,* at 9. The resulting monthly rent would then be $20,317.50.

RESPONSE TO OBJECTION TO EXEMPTIONS- 4

**NAGLER LAW GROUP, P.S.**
720 Olive Way, Suite 1000
Seattle, WA 98101
(206) 224-3460   FAX (844) 556-6717

Case 15-15473-TWD    Doc 30    Filed 12/31/15    Ent. 12/31/15 12:28:22    Pg. 4 of 6

Though Debtor is not a party to the Lease, that does not guaranty there would not be a challenge by the landlord under the lease from challenging the sale of Crybaby as an attempt to accomplish a *de facto* assignment of the lease to avoid triggering the non-assignability clause of the Lease. Even if the sale of the business were not seen as a *de facto* assignment, the potential for litigation with the landlord would further support Debtor's valuation of Crybaby.

The Debtor will be submitting an offer to purchase her interest in Crybaby from the estate. Debtor is making this offer to ensure she has ongoing employment to support herself and her two children. Debtor does not believe this is evidence as to fair market value because the desire to purchase the interest in Crybaby is a result of a factor outside of what would impact how a reasonable business person would value the interest in the company.

Debtor's valuation is supported by the totality of the evidence while the Objection attempts to brush the potential issues with a simple assertion that the landlord must somehow inherently be willing to extend the lease. The Debtor does concede any if there is ultimately value the ownership interest of Crybaby, any claimed exemption would be subject to applicable statutory caps on the amount exemptible, as stated in her claim of exemptions. *Supra.* Because McConnell has not presented sufficient evidence to meet his burden of proof, and indeed the evidence supports the Debtor's valuation of Crybaby, the Objection should be denied.

RESPONSE TO OBJECTION TO EXEMPTIONS- 5

**NAGLER LAW GROUP, P.S.**
720 Olive Way, Suite 1000
Seattle, WA 98101
(206) 224-3460   FAX (844) 556-6717

Case 15-15473-TWD    Doc 30    Filed 12/31/15    Ent. 12/31/15 12:28:22    Pg. 5 of 6

4. Valuation of the Claim is difficult due to the unknowns associated with the litigation. There are issues with liability of the parties, the proper apportionment between the related parties, the cost of litigation, and issues of collectability. Based on these concerns, Debtor asserts the fair market value of these claims would currently be $0$^2$. Though there may be value to the claim, any recovery (as well as the off-setting litigation costs) would be unknown. To the extent there would be some net recovery on account of the Claim, Debtor concedes those funds would not be exemptible. However, if the trustee does not pursue the claim because it would not benefit the estate, Debtor's claimed exemption would allow her to pursue the action (at her own expense) should she decide to do so and have the means to litigate.

## CONCLUSION

Based on the foregoing, McConnell has not met his burden of proof to overcome the prima facia validity of the claimed exemptions. To the extent there is an amount available under RCW , Debtor is entitled to claim that amount as exempt in both her ownership interest in Crybaby and the Cross-Claim. Debtor requests this Court enter an order denying the Objection.

DATED this 31st day of **December, 2015**

**NAGLER LAW GROUP, P.S.**

*/s/Michael M. Sperry*
Gloria Z. Nagler, WSBA#13176
Michael M. Sperry, WSBA#43760
Attorneys for Debtor

---

[2] McConnell's argument that there is value to the Claim appears to be a concession there is at least some liability as the Claim is identified as being against him.

RESPONSE TO OBJECTION TO EXEMPTIONS- 6

**NAGLER LAW GROUP, P.S.**
720 Olive Way, Suite 1000
Seattle, WA 98101
(206) 224-3460   FAX (844) 556-6717

Case 15-15473-TWD    Doc 30    Filed 12/31/15    Ent. 12/31/15 12:28:22    Pg. 6 of 6