Honorable Timothy W. Dore
Hearing date: July 8, 2016; 9:30 a.m.
Hearing Place: Room 8106, 700 Stewart Street, Seattle, WA 98101
Responses due by: July 1, 2016; by 4:30 p.m.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Bankruptcy No. 15-15473 |
| LEIGH ANN STONE, d/b/a Crybaby | ) | |
| Productions LLC, d/b/a Black Mas LLC, | ) | MOTION FOR AN ORDER APPROVING |
| d/b/a Black Mountain LLC, f/d/b/a Crybaby | ) | COMPROMISE OF CLAIMS |
| Studios LLC, | ) | |
| | ) | |
| Debtor(s). | ) | |
| | ) | |

COMES NOW the trustee, Nancy James, through counsel The Livesey Law Firm, and Rory
C. Livesey, and moves this court for an order approving the trustee's compromise of claims.

The details of the compromises can be summarized as follows:

## I. BACKGROUND

The debtor owned a 100 percent interest in Crybaby Productions, LLC ("Crybaby"). The
business operates a music rehearsal studio. The debtor was also a member of another LLC named
Black Mas, LLC ("Black Mas"). The debtor had a one-third interest in Black Mas. Michael
McConnell ("McConnell") also had a one-third interest. Broadly speaking, McConnell was to
provide financing, and the debtor and the third member, Alicia Amiri, were to provide services.
Black Mas never fully came into being. A dispute developed with the landlord regarding tenant
improvements. The landlord filed a lawsuit in superior court naming Black Mas and its members
as defendants. The members also filed cross claims against each other. The cross claims were
pending when the debtor filed her bankruptcy petition.

MOTION FOR AN ORDER APPROVING
COMPROMISE OF CLAIMS
160616aMot  Page 1

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 15-15473-TWD   Doc 56   Filed 06/17/16   Ent. 06/17/16 14:20:13   Pg. 1 of 4

## II. BANKRUPTCY PROCEEDING

The debtor filed her bankruptcy petition on September 11, 2015. McConnell is by far her largest unsecured creditor. He has filed an unsecured claim for $435,012.50. Additionally, McConnell is asserting an additional unliquidated claim. Also included among the creditors is James Sullivan ("Sullivan"), the debtor's father. He has a secured claim of approximately $57,000 against the debtor's assets, including the interest in Crybaby. The trustee does not dispute the amount owed to Sullivan, but believes the security interest is subject to avoidance as a preference.

The trustee filed a motion for an order authorizing the sale of the estate's 100 percent interest in Crybaby to McConnell for $18,500. Sullivan objected to the sale and requested authority to credit bid his security interest. Sullivan also offered to pay cash for the interest. At the hearing the court ruled that Sullivan could not credit bid his secured debt. The matter was continued for a week so the parties could engage in an auction. The auction took place the following week and McConnell was the successful bidder for the interest in Crybaby at $45,000. The order approving the sale required that it close by June 17, 2016. If the sale did not close to McConnell the trustee was authorized to sell Crybaby to Sullivan for $44,000. The sale to McConnell left some unreleased issues between McConnell, Sullivan and the debtor. As the closing date was approaching, McConnell, Sullivan and the trustee worked towards a global resolution of all the disputes among the parties. The trustee is settling with Sullivan regarding his security interest and settling with McConnell regarding the cross claims in the state court action. The settlement terms have Sullivan buying Crybaby.

## III. SULLIVAN SETTLEMENT

Sullivan is owed approximately $57,000 on his secured claim. The debt arose from a series of advances he made to the debtor. Shortly after the last advance of $5,500, the debtor executed a promissory note and a security interest in Sullivan's favor. The bankruptcy was filed within 90 days of the perfection of Sullivan's security interest.

**MOTION FOR AN ORDER APPROVING
COMPROMISE OF CLAIMS**
160616aMot  Page 2

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 15-15473-TWD    Doc 56    Filed 06/17/16    Ent. 06/17/16 14:20:13    Pg. 2 of 4

1        As a result of the parties' agreement, Sullivan will now buy Crybaby from the trustee for

2 $44,000.  The trustee has also agreed to settle Sullivan's security interest for $5,500, representing

3 the final advance by Sullivan to the debtor.  Although the trustee believes that the security interest

4 in the debtor's assets, even to the final $5,500, is subject to challenge, the argument that the final

5 $5,500 is not avoidable as a preference is the strongest.  Settling the preference claim by

6 acknowledging a $5,500 security interest is reasonable in that it saves the estate the time and

7 expense of litigating the matter and provides a certain result.  Additionally, Sullivan has agreed to

8 waive the balance of his unsecured claim against the estate.

9        With the acknowledgment of the $5,500 settlement of Sullivan's security interest, the trustee

10 has agreed to credit that amount against the $44,000 purchase price for Crybaby.  The net to the

11 estate in cash will be $38,500.  However, should Sullivan be unable to close the sale within fourteen

12 (14) days of the date of the order approving this settlement, the trustee is seeking authority to sell

13 Crybaby to McConnell for $45,000.  Should that occur the trustee will pay Sullivan the $5,500

14 settlement from the sale proceeds.

15                   IV.  MCCONNELL SETTLEMENT

16        The trustee has agreed to settle the state court cross claims against McConnell for $3,000 and

17 a release of any claims the trustee could assert against McConnell.  McConnell will agree to waive

18 the unliquidated portion of his claim against the estate.   His liquidated claim will be allowed at

19 $435,012.50.

20        The trustee has determined that this settlement is reasonable.  The estate has limited

21 resources with which to pursue any claims against McConnell.  The settlement provides the estate

22 with a certain recovery on the claims.  As a practical matter, McConnell's claim makes up the vast

23 majority of the creditor body.  After factoring in the time and expense of litigation with McConnell,

24 the bulk of the proceeds on any recovery would be returned to him on his creditor's claim.

25        The court considers four factors in deciding to approve a settlement.  They are (a) the

probability of success in resolving the claim; (b) the difficulties, if any, to be encountered in the

**MOTION FOR AN ORDER APPROVING**
**COMPROMISE OF CLAIMS**
160616aMot  Page 3

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 15-15473-TWD    Doc 56    Filed 06/17/16    Ent. 06/17/16 14:20:13    Pg. 3 of 4

1 matter of collection; (c) the complexity of resolving the claim and the expense, inconvenience and

2 delay involved; and, (d) the paramount interest of the creditors.

3    WHEREFORE, the trustee prays for an order approving the settlements described above.

4    DATED this 17th day of June, 2016.

5                              THE LIVESEY LAW FIRM

6
                                 */S/ Rory C. Livesey*
7                              _____
8                              Rory C. Livesey, WSBA #17601
                              Attorneys for Trustee

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**MOTION FOR AN ORDER APPROVING**
**COMPROMISE OF CLAIMS**
160616aMot   Page 4

THE LIVESEY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826